# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| IN RE PEOPLES BANK, AS SUCCESSOR TO LIMESTONE BANK, DATA BREACH LITIGATION, | Case No. 2:23-cv-03043-MHW-EPD<br><br>Judge Michael H. Watson<br>Magistrate Judge Elizabeth P. Deavers |

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

Plaintiffs Latasha Brooks, Michael Brooks, Earl Blankenship, Stephen McDonald, and Cheryl Barefoot ("Plaintiffs" or "Class Representatives") and Defendant Peoples Bank, as successor to Limestone Bank, Inc., ("Defendant," "Peoples Bank," or collectively with Plaintiffs, the "Parties"), hereby enter into this Class Action Settlement Agreement and Release ("Settlement Agreement" or "Agreement"), subject to Court approval. As detailed below, this Settlement Agreement releases and forever discharges and bars all claims asserted (or claims that could have been asserted) in the class action lawsuit captioned, *In re Peoples Bank, As Successor to Limestone Bank, Data Breach Litigation*, Case No.2:23-cv-03043-MHW-EPD, currently pending in the United States District Court for the Southern District of Ohio, Eastern Division, and any related actions.

### I.     RECITALS

**WHEREAS**, on January 19, 2024, Plaintiffs, on behalf of themselves and purportedly a nationwide Class (as defined below), filed a Consolidated Class Action Complaint (the "Operative Complaint") against Peoples Bank in the United States District Court for the Southern District of Ohio, Eastern Division, asserting causes of action for (1) Negligence, (2) Negligence *Per Se*, (3) Breach of Implied Contract, (4) Breach of Fiduciary Duty, and (5) Unjust Enrichment;

1

**WHEREAS,** the Parties engaged in adversarial, arm's length negotiations between competent counsel for all Parties;

**WHEREAS**, in the Operative Complaint, the Class Representatives seek to certify the following class, for purposes of settlement only:

> All persons Defendant identified as being among those individuals impacted by the Security Incident, including all who were sent a notice of the Security Incident.

**WHEREAS**, Defendant denies each and all of the claims and contentions alleged against it in the Operative Complaint. Defendant denies all charges of wrongdoing or liability as alleged, or which could be alleged. Despite this, Defendant has concluded that further litigation would be protracted and expensive, and that it is desirable that this matter be fully and finally settled in the manner and upon the terms and conditions set forth in this Settlement Agreement. The Parties recognized that the outcome of litigation is uncertain, and the Parties agree that it is desirable and beneficial that the Action be settled in the manner and upon the terms and conditions set forth in this Settlement Agreement;

**WHEREAS**, the Parties have explored and discussed at length the factual and legal issues in the Action and engaged in good faith, arm's length negotiations concerning the issues raised by Plaintiffs in the Action, and have agreed to a global, final settlement of the Action that renders the need for further litigation unnecessary;

**WHEREAS**, the Parties desire to compromise and settle all issues, claims, and/or facts asserted in the Action, or that could have been asserted based upon the facts alleged in the Action, by or on behalf of Class Representatives and the Class;

**WHEREAS**, Class Representatives, by and through Class Counsel, have (a) made a thorough investigation of the facts and circumstances surrounding the allegations asserted in the

Action, (b) engaged in investigation of the claims asserted in the Action, including informal discovery obtained by Class Representatives in connection with the Action and prior to execution of this Agreement, and (c) evaluated and considered the law applicable to the claims asserted in the Action, including the defenses that Peoples Bank likely would assert;

**WHEREAS**, Plaintiffs' counsel are experienced in this type of class litigation, recognize the costs and risks of prosecution of this Action, and believe that it is in Class Representatives' interest, and the interest of all Settlement Class Members, to resolve this Action, and any and all claims against Peoples Bank arising from the conduct alleged in the Action, and in this Settlement Agreement;

**WHEREAS**, significant arm's-length settlement negotiations have taken place between the Parties and, as a result, this Settlement Agreement has been reached without collusion, subject to the Court-approval process set forth herein;

**WHEREAS**, the undersigned Parties believe this Settlement Agreement offers significant benefits to Settlement Class Members and is fair, reasonable, adequate and in the best interest of Settlement Class Members; and

**WHEREAS**, this Settlement Agreement is made and entered into by and between Class Representatives, individually and on behalf of the Class, and Peoples Bank;

**NOW, THEREFORE**, it is hereby stipulated and agreed, by and between the Parties, as follows:

## II.    <u>DEFINITIONS</u>

As used in this Settlement Agreement, the following terms shall have the meanings set forth below. Where appropriate, terms used in the singular shall be deemed to include the plural and vice versa.

1.      **"Action"** means the case captioned *In re Peoples Bank, As Successor to Limestone Bank, Data Breach Litigation*, Case No.2:23-cv-03043-MHW-EPD, currently pending in the United States District Court for the Southern District of Ohio, Eastern Division, and any related actions.

2.      **"CAFA Notice"** means a notice of the proposed Settlement in compliance with the requirements of the Class Action Fairness Act, 28 U.S.C. Sec. 1711, *et seq*. ("CAFA"), to be served upon the appropriate State official in each State where Class Member resides and the appropriate federal official. Costs for preparation and issuance of the CAFA Notice will be paid from the Settlement Fund.

3.      **"Claim Deadline"** means the postmark and/or online submission deadline for claims, which shall be ninety (90) days after the Class Notice Date. The Claims Deadline shall be clearly set forth in the Preliminary Approval Order, Postcard Notice, and the Claim Form.

4.       **"Claim Form"** means the form that will be used by Settlement Class Members to submit a claim under this Agreement, substantially in the form as shown in **Exhibit A** to this Settlement.

5.      **"Class Counsel"** means Terence R. Coates of Markovits. Stock & DeMarco, LLC, and Philip J. Krzeski of Chestnut Cambronne PA.

6.      **"Class Notice Date"** means thirty (30) days after the Court's entry of the Preliminary Approval Order.

7. "**Class Representatives**" or "**Plaintiffs**" means Latasha Brooks, Michael Brooks, Earl Blankenship, Stephen McDonald, and Cheryl Barefoot.

8. "**Court**" means the United States District Court for the Southern District of Ohio, Eastern Division, Judge Michael H. Watson, Magistrate Judge Elizabeth A. Preston Deavers, or such other judge to whom the Action may hereafter be assigned.

9. "**Defendant**" means Peoples Bank, LLC as success to Limestone Bank, Inc.

10. "**Defendant's Counsel**" or "**Peoples Bank's Counsel**" means Christopher A. Wiech and Jennifer L. Brumfield of Baker & Hostetler LLP.

11. "**Effective Date**" means the date upon which the Settlement in the Action shall become effective and final, and occurs when the Final Approval Order, as defined in Paragraph 12 below, has been entered and all times to appeal therefrom have expired with (1) no appeal or other review proceeding having been commenced; or (2) an appeal or other review proceeding having been commenced, and such appeal or other review having been concluded such that it is no longer subject to review by any court, whether by appeal, petitions for rehearing or re-argument, petitions for rehearing *en banc*, petitions for writ of certiorari, or otherwise, and such appeal or other review has been resolved in a manner that affirms the Final Judgment in all material respects. The Effective Date shall not be altered in the event the Court declines to approve, in whole or in part, Plaintiffs' Counsel's Fees and Expenses or the Service Awards. Further, the Effective Date shall not be altered in the event that an appeal is filed with the sole issue(s) on appeal being Plaintiffs' Counsel's Fees and Expenses and/or the Service Awards.

12. "**Final Approval Hearing**" means the hearing at which the Court will consider and finally decide whether to enter the Final Approval Order and at which the Court will consider Class

5

Counsel's request for payment of any Service Awards and Plaintiffs' Counsel's Fees and Expenses.

13. "**Final Approval Order**" means the Final Approval Order and separate Judgment of the Court approving this Settlement Agreement and make such other final rulings as are contemplated by this Settlement Agreement.

14. "**Long Form Notice**" means the Court-approved long-form notice of settlement to be posted on the Settlement Website, substantially in the form as shown in **Exhibit B** to this Settlement, informing the Class of, among other things (i) the preliminary approval of the Settlement, (ii) the scheduling of the Final Approval Hearing, (iii) the Settlement benefits available to Settlement Class Members, and (iv) their opportunity to participate in, object to, or exclude themselves from the Settlement.

15. "**Objection Date**" means the date by which members of the Settlement Class may file with the Court through the Court's electronic case filing ("ECF") system and mail to Class Counsel and Defendant's Counsel their objection to the settlement. The postmark date shall constitute evidence of the date of mailing for these purposes. The Objection Date shall be sixty (60) days from the Class Notice Date.

16. "**Parties**" means Plaintiffs and Defendant.

17. "**Personal Information**" means individuals' full names, Social Security numbers, and financial account numbers.

18. "**Plaintiffs' Counsel's Fees and Expenses**" means an amount not to exceed one third of the gross settlement amount, or two-hundred sixty thousand eight-hundred thirty-three dollars and thirty-three cents ($260,833.33), for attorneys' fees, plus Plaintiffs' Counsel's

reasonable out-of-pocket costs related to this litigation, to be paid from the Settlement Fund, subject to approval of the Court.

19.     "**Postcard Notice**" means the notice of the proposed class action settlement, substantially in the form as shown in **Exhibit C** to this Settlement. The Postcard Notice will direct recipients to the Settlement Website where individuals may obtain additional details of the proposed Settlement and the Claim Form where Settlement Class Members may make a claim for monetary benefits.

20.     "**Preliminary Approval Order**" means the order of the Court preliminarily approving this Settlement Agreement, substantially in the form as shown in **Exhibit D** to this Settlement.

21.     "**Released Claims**" means the claims released by this Settlement Agreement, as set forth in Section IX.

22.     "**Released Parties**" means Defendant's past, present, and future parents, subsidiaries, divisions, customers, partnerships, joint ventures, affiliates, and related or affiliated entities, and each of their respective predecessors, successors, directors, officers, principals, agents, attorneys, assigns, employees, servants, members, providers, partners, principals, officers, directors, shareholders, owners, heirs, executors, administrators, personal representatives, insurers, and reinsurers, and trustees of such entities, and includes, without limitation, any Person related to any such entity who is, was or could have been named as a defendant in the Action and any related action, other than any Person who is found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Security Incident or who pleads *nolo contendere* to any such charge.

23. "**Request for Exclusion**" means a timely and valid request by any Settlement Class Member for exclusion from the Settlement.

24. "**Request for Exclusion Deadline**" or "**Opt-Out Deadline**" means the date by which members of the Settlement Class must mail to the Settlement Administrator their request to be excluded from the Settlement Class for that request to be effective. The postmark date shall constitute evidence of the date of mailing for these purposes. The Request for Exclusion Deadline shall be sixty (60) days from the Class Notice Date.

25. "**Security Incident**" means the unauthorized access to Limestone Bank's network between November 21, 2022, and March 23, 2023.

26. "**Service Awards**" means the amount to be paid to the Class Representatives to compensate them for the time and effort spent pursuing the Action on behalf of the Settlement Class, subject to approval of the Court, and which shall not exceed an amount of two thousand five hundred dollars ($2,500) to each Class Representative. The Service Awards shall be paid from the Settlement Fund.

27. "**Settlement**" and "**Settlement Agreement**" mean the agreement by the Parties to resolve this Action, the terms of which have been memorialized herein.

28. "**Settlement Administration**" means the processing of payments to Settlement Class Members by the Settlement Administrator.

29. "**Settlement Administrator**" means, subject to Court approval, Verita Global, a company experienced in administering class action claims generally and specifically those of the type provided for in this Action.

30. "**Settlement Class**" means the approximately 47,590 individuals who received direct notification that their Personal Information may have been implicated in the Security

Incident. Excluded from the Settlement Class are the following individuals and/or entities: (1) Peoples Bank and its officers and directors; (2) all Persons who submit a timely and valid Request for Exclusion from the Settlement Class; (3) the Court; and (4) any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Security Incident, or who pleads *nolo contendere* to any such charge.

31.     "**Settlement Class Member**" means a Person who falls within the definition of the Settlement Class.

32.     "**Settlement Fund**" means a non-reversionary common fund to be funded by Defendant in the amount of $782,500.00, which shall be deposited into an Escrow Account to be set up by the Settlement Administrator.

33.     "**Settlement Website**" means the website to be established by the Settlement Administrator that will inform members of the Settlement Class of the terms of this Settlement Agreement, their rights, dates and deadlines and related information, and shall include in .pdf format and available for download the following: (1) the Long Form Notice, (2) the Claim Form, (3) the Preliminary Approval Order, (4) this Settlement Agreement, (5) the Operative Complaint, and (6) any other materials agreed upon by the Parties and/or required by the Court. The Settlement Website shall provide the members of the Settlement Class with the ability to complete and submit the Claim Form electronically. The Settlement Website shall be deactivated one-hundred eighty (180) days after the Effective Date.

34.     "**Unknown Claims**" means any of the Released Claims that any Settlement Class Member, including Plaintiffs, does not know or suspect to exist in his/her favor at the time of the release of the Released Parties that, if known by him or her, might have affected his or her

settlement with, and release of, the Released Parties, or might have affected his or her decision not to object to and/or to participate in this Settlement Agreement. With respect to any and all Released Claims, the Parties stipulate and agree that upon the Effective Date, Plaintiffs intend to and expressly shall have, and each of the other Settlement Class Members intend to and shall be deemed to have, and by operation of the Judgment shall have, waived the provisions, rights, and benefits conferred to Settlement Class Members, including Plaintiffs, may hereafter discover facts in addition to, or different from, those that they, and any of them, now know or believe to be true with respect to the subject matter of the Released Claims, but Plaintiffs expressly shall have, and each other Settlement Class Member shall be deemed to have, and by operation of the Judgment shall have, upon the Effective Date, fully, finally and forever settled and released any and all Released Claims, including Unknown Claims. The Parties acknowledge, and Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver is a material element of the Settlement Agreement of which this release is a part.

35. "**Valid Claims**" means claims in an amount approved by the Settlement Administrator or found to be valid through the claims processing.

### III. <u>REQUIRED EVENTS</u>

36. Class Counsel and Defendant's Counsel shall take all reasonable and necessary steps to obtain entry of the Preliminary Approval Order and obtain entry of the Final Approval Order. Class Counsel shall prepare and file all documents in connection with the Motion for Preliminary Approval and the Motion for Final Approval.

37. In the event that the Court fails to issue the Preliminary Approval Order, or fails to issue the Final Approval Order, the Parties agree to use their best efforts, consistent with this Settlement Agreement, to cure any defect(s) identified by the Court.

38.     The Parties acknowledge that prompt approval, consummation, and implementation of the Settlement as set forth in this Agreement is essential. The Parties shall cooperate with each other in good faith to carry out the purposes of and effectuate this Settlement Agreement, shall promptly perform their respective obligations hereunder, and shall promptly take any and all actions and execute and deliver any and all additional documents and all other materials and/or information reasonably necessary or appropriate to carry out the terms of this Settlement Agreement and the transactions contemplated here.

## IV.     <u>SETTLEMENT TERMS</u>

39.     <u>Settlement Fund:</u> Peoples Bank shall make a non-reversionary payment of $782,500.00, and deposit that payment into the Settlement Fund via an Escrow Account to be opened by the Settlement Administrator.

40.     Defendant shall deposit the payment of $782,500 into the Settlement Fund as follows: (i) Defendant shall pay to the Settlement Administrator the cost of preparing and transmitting the Postcard Notice to Settlement Class Members within thirty (30) days after entry of the Preliminary Approval Order, and (ii) Defendant shall pay to the Settlement Administrator the remaining balance of the Settlement Fund within three (3) days after the Effective Date. The timing set forth in this provision is contingent upon the receipt of a W-9, sufficient payment instructions, and an invoice from the Settlement Administrator for the Settlement Fund within 5 days of the Preliminary Approval Order. If Defendant does not receive this information within 5 days of the date of the Preliminary Approval Order, the payments specified by this paragraph shall be made within thirty (30) days after Defendant receives the information. The Settlement Administrator shall establish a Qualified Settlement Fund (QSF), as defined by 26 C.F.R. 1.468B-1, for the deposit of the payment of the balance of the Settlement Fund. Under no circumstances

11

will Defendant have any further monetary payment obligation other than the payment of the Settlement Fund.

41.     Payments from Settlement Fund: The costs of Settlement Administration, including notice and distributions to members of the Settlement Class, the costs of administrating the Settlement Fund, and reasonable fees of the Settlement Administrator, Plaintiffs' Counsel's Fees and Expenses, and Service Awards shall be paid exclusively from the Settlement Fund. There will be no reversion of the Settlement Fund to Peoples Bank.

42.     Service Awards to the Class Representatives: Class Counsel will move the Court for Service Award payments from the Settlement Fund for the Class Representatives in an amount not to exceed two thousand five hundred dollars ($2,500) for each Class Representative, in recognition of the risks taken by them as the Class Representatives in commencing the Action, both financial and otherwise. Defendant agrees not to oppose Class Counsel's request for Service Award payments from the Settlement Fund in these amounts. If awarded by the Court, the Settlement Administrator shall pay from the Settlement Fund the Service Awards to the Class Representatives in the manner directed by Class Counsel within ten (10) days after the Effective Date.

43.     Payment of Plaintiffs' Counsel's Fees and Expenses: No later than fourteen (14) days prior to the Objection Date and Request for Exclusion Deadline, Class Counsel will move the Court for an award of Plaintiffs' Counsel's attorneys' fees to be paid from the Settlement Fund in an amount not to exceed one third of the total Settlement Fund, ($260,833.33), plus reasonable litigation costs and expenses. Class Counsel, in their sole discretion, shall allocate and distribute any amounts of attorneys' fees, costs and expenses awarded by the Court among Plaintiffs' counsel. If awarded by the Court, the Settlement Administrator shall pay from the Settlement Fund

any Plaintiffs' Counsel's Fees and Expenses in the amounts awarded by the Court within ten (10) days after the Effective Date. Within ten (10) days of the Effective Date, Class Counsel will provide the Settlement Administrator with payment instructions.

44.     _Payment of Valid Claims to Class Members:_ Each member of the Settlement Class who submits a timely and valid Claim Form shall be paid from the Settlement Fund in the manner outlined in the Settlement Administration section below. As set forth below, the Settlement Fund will be used to pay for: (1) reimbursement for Documented Out-of-Pocket Losses, (2) pro rata cash payments, and (3) credit monitoring. Valid claims for Documented Out-of-Pocket Losses will be paid first. Valid claims for Pro Rata Cash Payments be paid last and will be increased or decreased pro rata to consume the remaining amount of the Settlement Fund after payment for notice and Settlement Administration costs, Service Awards as approved by the Court, and Plaintiffs' Counsel's Fees and Expenses as awarded by the Court.

45.     _CAFA Notice_: Within ten (10) days of the filing of the Motion for Preliminary Approval, Peoples Bank shall direct the Settlement Administrator to provide notice to state Attorneys General or others as required by 28 U.S.C. § 1715(b).

## V.     **CLAIMS PROCESS**

46.     Members of the Settlement Class must submit a Claim Form to receive a distribution payment from the Settlement Fund. Each Settlement Class Member is limited to the submission of one Claim Form and in no event shall a Settlement Class Member receive more than one distribution of Settlement benefits. The Settlement Administrator will only issue Settlement distributions to Settlement Class Members who submit timely and valid Claim Forms. To be entitled to receive a distribution under this Agreement, Settlement Class Members must properly complete a Claim Form and timely deliver it to the Settlement Administrator within ninety (90)

days from the Class Notice Date. Any Class Member who fails to submit a valid and timely Claim Form will not receive any payment under this Agreement.

47.     All Settlement Class Members may submit requests for Settlement benefits as set forth below.

A.     **Reimbursement for Documented Out-of-Pocket Losses**

48.     All Settlement Class Members may submit a claim for Documented Out-of-Pocket Losses up to five thousand dollars ($5,000) per individual.

49.     "Documented Out-of-Pocket Losses" means the unreimbursed costs or expenditures incurred by a Settlement Class Member between November 21, 2022 and the Claims Deadline, as result of the Security Incident. Documented Out-of-Pocket Losses may include, but are not limited to, unreimbursed costs, expenses, or charges incurred addressing or remedying identity theft, fraud, or misuse of personal information and/or other issues reasonably traceable to the Security Incident.

50.     Settlement Class Members who elect to submit a claim for reimbursement of Documented Out-of-Pocket Losses must provide to the Settlement Administrator the information required to evaluate the claim, including: (1) the Settlement Class Member's name and current address, (2) a brief description of the claimed out-of-pocket expenses, and (3) documentation supporting their claimed losses. Documentation supporting the claimed losses can include receipts or other documentation supporting the costs incurred. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity to or support other submitted documentation.

51.     Settlement Class Members seeking reimbursement for Documented Out-of-Pocket Losses must complete and submit either a written or online claim form to the Settlement

Administrator, postmarked or electronically submitted on or before the Claims Deadline. The claim form must be verified by the Settlement Class Member with an attestation that the claimant believes that the losses or expenses claimed were incurred as a result of the Security Incident.

### B. Pro Rata Cash Payments

52.     Settlement Class Members may also claim a pro rata cash payment in an amount estimated to be approximately eighty-five dollars ($50) at a 10% claims rate by submitting a timely and valid claim form. The amount of the cash payment shall be increased or decreased on a pro rata basis, based on the funds remaining in the Settlement Fund following the payment of Plaintiffs' Counsel's Fees and Expenses, any Service Awards, the Costs of Settlement Administration, CAFA Notice, claims for Documented Out-of-Pocket Losses, and the cost of identity theft protection and credit monitoring.

### C. Identity Theft Protection and Credit Monitoring

53.     Settlement Class Members may submit a claim for two (2) years of three-bureau credit monitoring.

54.     The Settlement Administrator shall provide Class Counsel and Defendant's Counsel with weekly reports informing them of all Claim Forms received by the Settlement Administrator during each week following the Class Notice Date. No later than sixteen (16) days prior to the Final Approval Hearing, the Settlement Administrator must provide counsel with a Declaration reporting on the mailing of the Class Notice and identifying the number of Claim Forms, Requests for Exclusion and objections received, which shall be filed with the motion for final approval.

55.     Disbursement of Settlement Payments and Checks: Within thirty (30) days after the Effective Date, the Settlement Administrator will disburse payments for Valid Claims to each

Settlement Class Member who submits a timely and valid Claim Form. Payments may be made by electronic payment or by paper check. In the event that the aggregated amount of payment of all Valid Claims exceeds the total amount of the Settlement Fund ($782,500), the value of the Settlement payments to each Settlement Class Member who submitted a Valid Claim shall be reduced on a pro rata basis, such that the aggregate value of all payments for all Valid Claims does not exceed the Settlement Fund (after payment of all Settlement Administration costs, Service Awards, and Plaintiffs' Counsel's Fees and Expenses). All pro rata reduction determinations shall be made by the Settlement Administrator.

56. <u>Failure to Cash Settlement Checks:</u> Any Settlement check not cashed within one-hundred-twenty (120) days of issuance (based on the date of the check) will be deemed expired. Any member of the Settlement Class who does not cash their Settlement check within the aforementioned time period may petition the Settlement Administrator within thirty (30) days of the expiration of their uncashed check to reissue their Settlement check, and, good cause providing, the Settlement Administrator will issue a new check. Members of the Settlement Class are entitled to only one petition on this basis, and any Settlement check reissued for such reasonable circumstances will expire within thirty (30) days of issuance (based on the date of the check). Settlement Class Members who do not timely cash their Settlement checks and who fail to petition for a reissuance of the uncashed Settlement check will be considered as having waived any right to a cash payment under the Settlement Agreement. In no event will a Settlement Class Member be permitted to cash a check once the value of uncashed checks has been paid to a *cy pres* organization, as agreed to by the Parties and approved by the Court.

57. <u>Payment of Uncashed Checks to a *Cy Pres* Organization:</u> The total amount of uncashed Settlement checks will be paid to a charitable organization to be agreed upon by

Defendant and Class Counsel and approved by the Court. The Parties agree that the *cy pres* distribution will not be awarded to any charitable organization to which Defendant has a significant personal or professional connection.

### VI.   SETTLEMENT ADMINISTRATION

58.   Engagement of Settlement Administrator: Upon entry of the Preliminary Approval Order, the Parties shall engage Verita Global as the Settlement Administrator. Verita Global shall be paid reasonable Settlement Administration costs exclusively from the Settlement Fund.

59.   Settlement Class Member Information: No later than fourteen (14) days after entry of the Preliminary Approval Order, Defendant shall provide the Settlement Administrator with the name and last known physical address of each Settlement Class Member that Defendant possesses. For any Settlement Class Member whose information does not include a valid address, the Settlement Administrator shall use the available information to conduct a reverse look-up search to obtain a physical address to mail the Notice. The Settlement Class Member Information and its contents shall be used by the Settlement Administrator solely for the purpose of performing its obligations pursuant to this Settlement Agreement and shall not be used for any other purpose at any time. Except to administer the settlement as provided in this Settlement Agreement the Settlement Administrator shall not reproduce, copy, store, or distribute in any form, electronic or otherwise, the Settlement Class Member Information.

60.   Duties of Settlement Administrator: In addition to other duties as set forth in this Agreement, the Settlement Administrator shall be responsible for the following:

a)   Preparing, printing, and disseminating the Postcard Notice to Settlement Class Members;

b)      Within thirty (30) days after the entry of the Preliminary Approval Order (the Class Notice Date), sending by First Class Mail the Postcard Notice to all Settlement Class Members. Before any mailing under this paragraph occurs, the Settlement Administrator shall run the postal addresses of Settlement Class Members through the United States Postal Service ("USPS") National Change of Address database to update any change of address on file with the USPS. In the event that a Postcard Notice is returned to the Settlement Administrator by the USPS because the address of the recipient is no longer valid, and the envelope contains a forwarding address, the Settlement Administrator shall re-send the Postcard Notice to the forwarding address within ten (10) days of receiving the returned Postcard Notice. In the event that subsequent to the first mailing of a Postcard Notice, and at least fourteen (14) days prior to the Objection Date and Request for Exclusion Deadline, a Postcard Notice is returned to the Settlement Administrator by the USPS because the address of the recipient is no longer valid, i.e., the envelope is marked "Return to Sender" and does not contain a new forwarding address, the Settlement Administrator shall perform a standard skip trace, in the manner that the Settlement Administrator customarily performs skip traces, in an effort to attempt to ascertain the current address of the particular Settlement Class Member in question and, if such an address is ascertained, the Settlement Administrator will re-send the Postcard Notice within seven (7) days of receiving such information. This shall be the final requirement for mailing;

c)      Maintaining the Settlement Website and toll-free number with recorded answers for ninety (90) days following the Effective Date.

d) Keeping track of Requests for Exclusion, including maintaining the original mailing envelope in which each request was mailed;

e) Keeping track of Claim Forms, including maintaining the original mailing envelope in which each form was mailed;

f) Keeping track of objections, including maintaining the original mailing envelope in which each objection was mailed;

g) Keeping track of all other communications from Settlement Class Members, including maintaining the original mailing envelope in which any communication was mailed;

h) Maintaining adequate records of its activities, including the dates of each mailing of the Postcard Notices, returned mail and other communications, and attempted written or electronic communications with Settlement Class Members;

i) Promptly furnishing to counsel for the Parties (i) copies of any Requests for Exclusion, (ii) copies of any objections, and (iii) all other written or electronic communications received from Settlement Class Members;

j) Determining whether Requests for Exclusion comply with the terms of this Agreement and are timely and valid and effective to exclude the submitting Settlement Class Member from the Class;

k) Determining whether Claim Forms comply with the terms of this Agreement and are timely and valid;

l) Promptly preparing and distributing any rejection of a Request for Exclusion to the submitting Settlement Class Member. Rejections shall set forth the reasons

19

for rejection, including the reason(s) the Request for Exclusion fails to comply with the terms of this Agreement;

m)      Promptly preparing and distributing notices of deficiencies to the submitting Settlement Class Member that set forth the reasons their Claim Form is deficient, including the reason(s) the Claim Form fails to comply with the terms of this Agreement;

n)      Delivering to the Parties' counsel in a reasonably timely manner, but in no event later than sixteen (16) days before the Final Approval Hearing, a written report concerning all Requests for Exclusion (valid and invalid), all Claim Forms (valid and deficient), and all objections (valid and invalid);

o)      Establishing a Qualified Settlement Fund (QSF), as defined by 26 C.F.R. 1.468B-1, for the deposit of the Settlement Fund payment, ensuring that all taxes associated with the administration of the Settlement Fund are timely paid to the appropriate tax authorities and all tax filings are timely filed, which taxes shall be paid from the Settlement Fund;

p)      Determining the payment to each member of the Settlement Class who submits a Valid Claim in accordance with this Agreement;

q)      No later than thirty (30) days after the Effective Date, distributing payments to each Settlement Class Member who submitted a Valid Claim sending an electronic payment or check by First Class Mail to each Settlement Class Member in the amount of his or her approved claim;

r)     No later than ten (10) days after the Effective Date, distributing any Service Awards approved by the Court in the amount of the award approved by the Court as set forth above;

s)     No later than ten (10) days after the Effective Date, preparing and distributing, in accordance with this Agreement and the Final Approval Order, Plaintiffs' Counsel's Fees and Expenses; and

t)     Confirming in writing its completion of the administration of the Settlement.

u)     Costs of Settlement Administration: All reasonable expenses incurred in administering this Settlement, including, without limitation, the cost of the Postcard Notice, Settlement Website, and toll-free telephone line, the cost of distributing and administering the Settlement benefits, and the Settlement Administrator's reasonable costs shall be paid to the Settlement Administrator from the Settlement Fund, subject to the approval of the Court.

## VII.    REQUESTS FOR EXCLUSION BY CLASS MEMBERS

61.    Any Settlement Class Member may make a Request for Exclusion by mailing such request in writing to the Settlement Administrator at the address set forth in the Class Notice. Any Request for Exclusion must be postmarked no later than sixty (60) days after the Class Notice Date. The Request for Exclusion shall (i) state the Settlement Class Member's full name and current address and signature, and (ii) specifically state his or her desire to be excluded from the Settlement and from the Settlement Class. Failure to comply with these requirements and to timely submit the Request for Exclusion will result in the Settlement Class Member being bound by the terms of the Settlement.

21

62.     Any Settlement Class Member who submits a timely Request for Exclusion may not make any objections to the Settlement and shall be deemed to have waived any rights or benefits under this Settlement Agreement.

63.     The Settlement Administrator shall provide Class Counsel and Defendant's Counsel with a weekly report informing them of any Requests for Exclusion received by the Settlement Administrator during each week following the Class Notice Date. The Settlement Administrator must provide Class Counsel and Defendant's Counsel with a declaration identifying all Settlement Class Members who requested exclusion from the Settlement and indicating those requests that were untimely no later than sixteen (16) days prior to the Final Approval Hearing. Class Counsel will file with the Court and serve Defendant with the declaration along with their Motion for Final Approval.

64.     In the event that within fourteen (14) days after the Opt-Out Deadline, there have been more than 200 timely and valid Requests for Exclusions, Defendant shall have the right, by notifying Class Counsel and the Court in writing, to void this Settlement Agreement. If Defendant voids the Settlement Agreement pursuant to this paragraph, Defendant shall be obligated to pay all settlement expenses already incurred to date, excluding any attorneys' fees, costs, and expenses of Class Counsel, and/or Service Award.

65.     No party will solicit or encourage Requests for Exclusion. Any attempt to do so by Plaintiffs or Defendant will be deemed a breach of this Settlement Agreement.

## VIII.    <u>OBJECTION TO SETTLEMENT BY CLASS MEMBERS</u>

66.     Any Settlement Class Member may make an objection to the proposed Settlement by mailing a letter to the Settlement Administrator at the address set forth in the Class Notice. Any objection to be considered valid must be mailed and postmarked no later than the Objection Date,

i.e., sixty (60) days from the Class Notice Date. Class Counsel must file all objections with the Court, with service to all Parties' counsel not later than fourteen (14) days after the Objection Deadline. Any Settlement Class Member who has submitted a Request for Exclusion may not submit any objections or speak at the Final Approval Hearing.

67.     To state a valid objection to the Settlement, an objecting Settlement Class Member must mail a letter to the Settlement Administrator setting forth all of the following information in writing: (i) the objector's full name, current address, current telephone number, and be personally signed, (ii) the case name and case number, *In re Peoples Bank, As Successor to Limestone Bank, Data Breach Litigation*, Case No.2:23-cv-03043-MHW-EPD, (iii) documentation sufficient to establish membership in the Settlement Class, such as a copy of the Postcard Notice he or she received, (iv) a statement of the position(s) the objector wishes to assert, including the factual and legal grounds for the position(s), (v) copies of any other documents that the objector wishes to submit in support of his/her position, (vi) whether the objecting Settlement Class Member intends to appear at the Final Approval Hearing, and (v) whether the objecting Settlement Class Member is represented by counsel and, if so, the name, address, and telephone number of his/her counsel.

68.     Subject to approval of the Court, any objecting Settlement Class Member may appear, in person or by counsel, at the Final Approval Hearing held by the Court. By this provision, the Parties are not waiving and are expressly preserving their right to contest any appearance by an objector on any grounds, or from asserting any and all other potential defenses and privileges to any such appearance.

69.     The agreed-upon procedures and requirements for submitting objections in connection with the Final Approval Hearing are intended to ensure the efficient administration of justice and the orderly presentation of any Settlement Class Member's objection to the Settlement

Agreement, in accordance with the due process rights of all Settlement Class Members. The Preliminary Approval Order and Class Notice will require all Settlement Class Members who have any objections to submit the objections to the Settlement Administrator at the address set forth in the Postcard Notice, by no later than the Objection Date.

70.     Class Counsel will defend the Court's Final Approval Order and any related orders in the event of an appeal.

IX.     **RELEASE OF CLAIMS**

71.     Plaintiffs and Settlement Class Members who fail to timely make a valid Request for Exclusion from the Settlement fully and finally release Defendant and the other Released Parties from any and all past, present, and future claims and causes of action related to the Security Incident, including, but not limited to, any causes of action arising under or premised upon any statute, constitution, law, ordinance, treaty, regulation, or common law of any country, state, province, county, city, or municipality, including 15 U.S.C. § 45, *et seq.*, and all similar statutes in effect in any states in the United States as defined below; state consumer-protection statutes; negligence; negligence *per se*; breach of contract; breach of implied contract; breach of third-party beneficiary contract; breach of fiduciary duty; breach of confidence; invasion of privacy; fraud; misrepresentation (whether fraudulent, negligent or innocent); unjust enrichment; bailment; wantonness; failure to provide adequate notice pursuant to any breach notification statute or common law duty; and including, but not limited to, any and all claims for damages, injunctive relief, disgorgement, declaratory relief or judgment, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit monitoring services, the creation of a fund for future damages, statutory damages, punitive damages, special damages, exemplary damages, restitution, and/or the appointment of a receiver, whether known or unknown, liquidated or unliquidated, accrued or

unaccrued, fixed or contingent, direct or derivative, and any other form of legal or equitable relief that either has been asserted, was asserted, or could have been asserted, by any Settlement Class Member against any of the Released Parties based on, relating to, concerning or arising out of the alleged Security Incident or the allegations, transactions, occurrences, facts, or circumstances alleged in or otherwise described in the Action. Released Claims shall not include the right of any Settlement Class Member or any of the Released Parties to enforce the terms of the settlement contained in this Settlement Agreement, and shall not include the claims of any Person who has timely excluded themselves from the Class.

72.     Upon the Effective Date, Defendant shall be deemed to have, and by operation of the Final Approval Order shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs, each and all of the Settlement Class Members, and Plaintiffs' Counsel of all claims based upon or arising out of the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims, except for enforcement of the Settlement Agreement and except as to Settlement Class Members who submit a timely and valid Request for Exclusion from the Settlement.

73.     This Settlement Agreement does not affect the rights of Settlement Class Members who submit a timely and valid Request for Exclusion from the Settlement.

74.     Upon issuance of the Final Approval Order (i) the Settlement Agreement shall be the exclusive remedy for any and all Settlement Class Members, except those who have opted out in accordance with the provisions hereof, (ii) Defendant and the other Released Parties shall not be subject to liability or expense of any kind to any Settlement Class Member(s) for reasons related to the Action except as set forth herein, and (iii) Settlement Class Members shall be permanently

25

barred from initiating, asserting or prosecuting any and all Released Claims against Defendant and the other Released Parties.

## X.    REPRESENTATIONS, WARRANTIES, AND COVENANTS

75.    Class Counsel represents and warrants that they have the authority, on behalf of Plaintiffs, to execute, deliver and perform this Settlement Agreement and to consummate all of the transactions contemplated hereby. This Settlement Agreement has been duly and validly executed and delivered by Class Counsel and Plaintiffs and constitutes their legal, valid and binding obligation.

76.    Peoples Bank, through its undersigned attorneys, represents and warrants that it has the authority to execute, deliver, and perform this Settlement Agreement and to consummate the transactions contemplated hereby. The execution, delivery and performance by Peoples Bank of this Settlement Agreement and the consummation by it of the actions contemplated hereby have been duly authorized by Peoples Bank. This Settlement Agreement has been duly and validly executed and delivered by Peoples Bank and constitutes its legal, valid and binding obligation.

## XI.    MISCELLANEOUS PROVISIONS

77.    The Parties agree, for purposes of this settlement only, to the certification of the Settlement Class.

78.    This Settlement Agreement is not to be used in evidence (except in connection with obtaining approval of this Settlement Agreement and enforcing its terms) and shall not at any time be construed or deemed to be any admission or concession by Defendant with respect to any alleged wrongdoing, fault, or omission of any kind whatsoever, regardless of whether or not this Settlement Agreement results in entry of a Final Approval Order as contemplated herein. Defendant specifically denies all of the allegations made in connection with the Action. Neither

26

this Settlement Agreement nor any class certification pursuant to it shall constitute, in this or in any other proceeding, an admission by Defendant, or evidence or a finding of any kind, that any requirement for class certification is satisfied with respect to the Action, or any other litigation, except for the limited purpose of settlement pursuant to this Settlement Agreement. This Settlement Agreement also is made with the Parties' express understanding and agreement that if for any reason this Settlement is not approved by the Court, Defendant may continue to contest and deny that any class, including the proposed Settlement Class, is suitable for certification as a class under the law of any jurisdiction.

79. This Settlement Agreement is entered into only for purposes of settlement. In the event that the Final Approval Order is not entered, or a Final Approval Order is subsequently reversed on appeal, the Parties agree to use their best efforts to cure any defect(s) identified by the Court. If, despite their best efforts, the Parties cannot cure said defects, this Settlement Agreement, including any releases or dismissals hereunder, is canceled, and no term or condition of this Settlement Agreement, or any draft thereof, or of the discussion, negotiation, documentation or other part or aspect of the Parties' settlement discussions, shall have any effect, nor shall any such matter be admissible in evidence for any purpose, or used for any purposes whatsoever in the Action, and all Parties shall be restored to their prior rights and positions as if the Settlement Agreement had not been entered into.

80. The headings of the sections and paragraphs of this Settlement Agreement are included for convenience only and shall not be deemed to constitute part of this Settlement Agreement or to affect its construction.

81. This Settlement Agreement may not be modified or amended except in writing and signed by all of the Parties.

27

82.     This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

83.     Except as otherwise provided in this Settlement Agreement, each Party shall bear his, her or its own costs of the Action.

84.     The Parties reserve the right, by agreement and subject to the Court's approval, to grant any reasonable extensions of time that might be necessary to carry out any of the provisions of this Settlement Agreement, as well as to correct any inadvertent, non-substantive mistakes or typographical errors contained in any of the Settlement papers.

85.     The administration and consummation of the Settlement as embodied in this Settlement Agreement shall be under the authority of the Court. The Court shall retain jurisdiction to protect, preserve, and implement the Settlement Agreement, including, but not limited to, the release. The Final Approval Order will provide that the Court expressly retains jurisdiction to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of this Settlement Agreement, including, but not limited to, orders enjoining Class Members from prosecuting claims that are released pursuant to this Settlement Agreement as provided herein, and allowing for discovery related to objectors, if any.

86.     The determination of the terms of, and the drafting of, this Settlement Agreement has been by mutual agreement after negotiation, with consideration by and participation of all Parties and their counsel. Since this Settlement Agreement was drafted with the participation of all Parties and their counsel, the presumption that ambiguities shall be construed against the drafter does not apply. The Parties were represented by competent and effective counsel throughout the course of settlement negotiations and in the drafting and execution of this

Settlement Agreement, and there was no disparity in bargaining power among the Parties to this Settlement Agreement.

87.     This Settlement Agreement constitutes the entire, fully integrated agreement among the Parties and cancels and supersedes all prior written and unwritten agreements and understandings pertaining to the Settlement of the Action.

88.     The Parties agree that any unresolved disputes regarding the meaning of the terms and conditions of this Settlement Agreement, the Parties' rights and obligations under this Settlement Agreement, and/or as to any disagreement regarding the manner in which any issue or dispute arising under this Settlement Agreement should be resolved, shall be submitted to the Court for resolution.

89.     All time periods set forth herein shall be computed in calendar days unless otherwise expressly provided. In computing any period of time prescribed or allowed by this Agreement or by order of the Court, the day of the act, or default, from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period shall run until the end of the next day that is not one of the aforementioned days. Each of the Parties reserves the right, subject to the Court's approval, to seek any reasonable extensions of time that might be necessary to carry out any of the provisions of this Agreement, and to modify or supplement any notice contemplated hereunder.

90.     Any failure by any of the Parties to insist upon the strict performance by any of the other Parties of any of the provisions of this Agreement shall not be deemed a waiver of any provision of this Agreement, and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions herein.

91. All notices to the Parties or counsel required by this Settlement Agreement shall be made in writing and communicated by electronic and regular mail to the following addresses (unless one of the Parties subsequently designates one or more other designees):

| For Class Counsel: | For Peoples Bank: |
|---|---|
| Terence R. Coates | Christopher A. Wiech |
| MARKOVITS, STOCK, & DEMARCO, LLC | Chelsea Lamb |
| 119 E. Court St., Ste. 530 | BAKER & HOSTETLER LLP |
| Cincinnati, Ohio 45202 | 1170 Peachtree Street, NE, Suite 2400 |
| Phone: (513) 651-3700 | Atlanta, GA 30309-7676 |
| Fax: (513) 665-0219 | cwiech@bakerlaw.com |
| tcoates@msdlegal.com | clamb@bakerlaw.com |

**[SIGNATURES ON FOLLOWING PAGES]**

IN WITNESS WHEREOF, Plaintiffs and Peoples Bank, by and through their respective counsel, have executed this Settlement Agreement as of the date(s) indicated on the lines below.

Class Counsel

Counsel for Peoples Bank, LLC
Duly Authorized Signatory

DATED this 23rd day of January, 2025

By: /s/ _Terence R. Coates_
Terence R. Coates (0085579)
**MARKOVITS, STOCK, & DEMARCO, LLC**
119 E. Court St., Ste. 530
Cincinnati, Ohio 45202
tcoates@msdlegal.com

By: /s/ _Phil Krzeski_
Phil Krzeski (Jan 23, 2025 16:57 CST)
Philip Krzeski
**CHESTNUT CAMBRONNE PA**
100 Washington Avenue South, Suite 1700
Minneapolis, MN 55401
pkrzeski@chestnutcambronne.com

By: /s/_____
Latasha Brooks
Plaintiff

By: /s/_____
Michael Brooks
Plaintiff

By: /s/_____
Earl Blakenship
Plaintiff

By: /s/_____
Stephen McDonald
Plaintiff

By: /s/_____
Cheryl Barefoot
Plaintiff

DATED this 23rd day of January, 2025

By: _____
Christopher A. Wiech
Chelsea Lamb
BAKER & HOSTETLER LLP
1170 Peachtree Street, NE, Suite 2400
Atlanta, GA 30309-7676
cwiech@bakerlaw.com
clamb@bakerlaw.com

31

IN WITNESS WHEREOF, Plaintiffs and Peoples Bank, by and through their respective

counsel, have executed this Settlement Agreement as of the date(s) indicated on the lines below.

Class Counsel

Counsel for Peoples Bank, LLC
Duly Authorized Signatory

DATED this 23rd day of January, 2025

DATED this 23rd day of January, 2025

By: */s/*_____
Terence R. Coates (0085579)
**MARKOVITS, STOCK, & DEMARCO, LLC**
119 E. Court St., Ste. 530
Cincinnati, Ohio 45202
tcoates@msdlegal.com

By: */s/*_____
Philip Krzeski
**CHESTNUT CAMBRONNE PA**
100 Washington Avenue South, Suite 1700
Minneapolis, MN 55401
pkrzeski@chestnutcambronne.com

By: */s/*_____
Christopher A. Wiech
Chelsea Lamb
BAKER & HOSTETLER LLP 1170
Peachtree Street, NE, Suite 2400
Atlanta, GA 30309-7676
cwiech@bakerlaw.com
clamb@bakerlaw.com

By: */s/*_____
Latasha Brooks
Plaintiff

By: */s/*_____
Michael Brooks
Plaintiff

By: /s/_____
Earl Blankenship
Plaintiff

By: /s/_____
Stephen McDonald
Plaintiff

By: /s/_____
Cheryl Barefoot
*Plaintiff*

31

IN WITNESS WHEREOF, Plaintiffs and Peoples Bank, by and through their respective

counsel, have executed this Settlement Agreement as of the date(s) indicated on the lines below.

Class Counsel

Counsel for Peoples Bank, LLC
Duly Authorized Signatory

DATED this 23rd day of January, 2025

DATED this 23rd day of January, 2025

By: */s/*_____
Terence R. Coates (0085579)
**MARKOVITS, STOCK, & DEMARCO, LLC**
119 E. Court St., Ste. 530
Cincinnati, Ohio 45202
tcoates@msdlegal.com

By: */s/*_____
Philip Krzeski
**CHESTNUT CAMBRONNE PA**
100 Washington Avenue South, Suite 1700
Minneapolis, MN 55401
pkrzeski@chestnutcambronne.com

By: */s/*_____
Latasha Brooks
Plaintiff

By: */s/*_____
Michael Brooks
Plaintiff

By: /s/_____
Earl Blankenship
Plaintiff

By: /s/_____
Stephen McDonald
Plaintiff

By: */s/*_____
Cheryl Barefoot
*Plaintiff*

By: */s/*_____
Christopher A. Wiech
Chelsea Lamb
BAKER & HOSTETLER LLP 1170
Peachtree Street, NE, Suite 2400
Atlanta, GA 30309-7676
cwiech@bakerlaw.com
clamb@bakerlaw.com

IN WITNESS WHEREOF, Plaintiffs and Peoples Bank, by and through their respective

counsel, have executed this Settlement Agreement as of the date(s) indicated on the lines below.

Class Counsel

Counsel for Peoples Bank, LLC
Duly Authorized Signatory


DATED this 23rd day of January, 2025

DATED this 23rd day of January, 2025

By: */s/*_____
Terence R. Coates (0085579)
**MARKOVITS, STOCK, & DEMARCO, LLC**
119 E. Court St., Ste. 530
Cincinnati, Ohio 45202
tcoates@msdlegal.com

By: */s/*_____
Christopher A. Wiech
Chelsea Lamb
BAKER & HOSTETLER LLP 1170
Peachtree Street, NE, Suite 2400
Atlanta, GA 30309-7676
cwiech@bakerlaw.com
clamb@bakerlaw.com

By: */s/*_____
Philip Krzeski
**CHESTNUT CAMBRONNE PA**
100 Washington Avenue South, Suite 1700
Minneapolis, MN 55401
pkrzeski@chestnutcambronne.com

By: */s/*_____
Latasha Brooks
Plaintiff

By: */s/*_____
Michael Brooks
Plaintiff

By: /s/_____
Earl Blankenship
Plaintiff

By: /s/_____
Stephen McDonald
Plaintiff

*By: /s/*_____
Cheryl Barefoot
*Plaintiff*

IN WITNESS WHEREOF, Plaintiffs and Peoples Bank, by and through their respective

counsel, have executed this Settlement Agreement as of the date(s) indicated on the lines below.

Class Counsel

Counsel for Peoples Bank, LLC
Duly Authorized Signatory

DATED this 23rd day of January, 2025

DATED this 23rd day of January, 2025

By: */s/*_____
Terence R. Coates (0085579)
**MARKOVITS, STOCK, & DEMARCO, LLC**
119 E. Court St., Ste. 530
Cincinnati, Ohio 45202
tcoates@msdlegal.com

By: */s/*_____
Philip Krzeski
**CHESTNUT CAMBRONNE PA**
100 Washington Avenue South, Suite 1700
Minneapolis, MN 55401
pkrzeski@chestnutcambronne.com

By: */s/*_____
Latasha Brooks
Plaintiff

By: */s/*_____
Michael Brooks
Plaintiff

By: /s/_____
Earl Blankenship
Plaintiff

By: /s/_____
Stephen McDonald
Plaintiff

By: */s/*_____
Cheryl Barefoot
*Plaintiff*

By: */s/*_____
Christopher A. Wiech
Chelsea Lamb
BAKER & HOSTETLER LLP 1170
Peachtree Street, NE, Suite 2400
Atlanta, GA 30309-7676
cwiech@bakerlaw.com
clamb@bakerlaw.com

IN WITNESS WHEREOF, Plaintiffs and Peoples Bank, by and through their respective

counsel, have executed this Settlement Agreement as of the date(s) indicated on the lines below.

| | |
|---|---|
| Class Counsel | Counsel for Peoples Bank, LLC<br>Duly Authorized Signatory |

DATED this 23rd day of January, 2025

By: */s/*_____
Terence R. Coates (0085579)
**MARKOVITS, STOCK, & DEMARCO, LLC**
119 E. Court St., Ste. 530
Cincinnati, Ohio 45202
tcoates@msdlegal.com

By: */s/*_____
Philip Krzeski
**CHESTNUT CAMBRONNE PA**
100 Washington Avenue South, Suite 1700
Minneapolis, MN 55401
pkrzeski@chestnutcambronne.com

By: */s/*_____
Latasha Brooks
Plaintiff

By: */s/*_____
Michael Brooks
Plaintiff

By: /s/_____
Earl Blankenship
Plaintiff

By: /s/_____
Stephen McDonald
Plaintiff

*By: /s/*_____
Cheryl Barefoot
*Plaintiff*

DATED this 23rd day of January,
2025

By: */s/*_____
Christopher A. Wiech
Chelsea Lamb
BAKER & HOSTETLER LLP 1170
Peachtree Street, NE, Suite 2400
Atlanta, GA 30309-7676
cwiech@bakerlaw.com
clamb@bakerlaw.com

## SETTLEMENT TIMELINE

| | |
|---|---|
| **Filing of Preliminary Approval** | |
| Issuance of CAFA Notice | +10 days |
| | |
| **From Order Granting Preliminary Approval** | |
| Defendant to Pay Settlement Administrator the Costs of Preparing and Issuing Notice | On or before + 30 days |
| Notice Date | +30 days |
| | |
| **Notice Date** | |
| Counsel's Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Class Representative Service Awards | +46 days |
| Objection Deadline | +60 days |
| Opt-Out Deadline | +60 days |
| Class Counsel to file copies of any objections | +74 days |
| Claims Deadline | +90 days |
| | |
| **Final Approval Hearing** | _____, 2025 |
| Motion for Final Approval | -14 days |
| Settlement Administrator to Provide Counsel with Declaration | -16 days |
| | |
| **Effective Date** | |
| Defendant to fund the remainder of the Settlement Fund | +3 days |
| Payment of Attorneys' Fees and Expenses Class Representative Service Awards | +10 days |
| Settlement Website Deactivation | +180 days |

# EXHIBIT A

## CLAIM FORM FOR THE PEOPLES BANK DATA BREACH BENEFITS

**USE THIS FORM TO MAKE A CLAIM FOR A PRO RATA CASH PAYMENT,
OUT-OF-POCKET LOSS PAYMENT, AND/OR CREDIT MONITORING**

For more information, call 1-888-888-8888 or visit the website *(WEBSITE HERE)*
*Para una notificación en Español, pueda llamar 1-888-888-8888 o visitar nuestro sitio de web WEBSITE HERE.*

**The DEADLINE to submit this Claim Form online (or have it postmarked for mailing) is**

**[XXXX XX, 2025]**

## I.    GENERAL INSTRUCTIONS

If you were notified that your private information was potentially compromised in a cybersecurity attack experienced by Defendant Peoples Bank ("Peoples Bank" or "Defendant"), you are a Class Member. The event that caused your data to be lost is referred to here as the "Data Incident."

The Settlement establishes a $782,500.00 fund to compensate Class Members for their lost time and out-of-pocket losses or expenses as well as for the costs of notice and administration, and attorneys' fees and expenses as awarded by the Court. As a Class Member, you are eligible for cash payments as reimbursement for your time and money spent in response to the Data Incident (such as money spent on credit monitoring), as well as for any money you lost as a result of incidents of fraud or identity theft caused by the Data Incident. You must fill out this claim form to receive these benefits. **You may submit a claim for one or more of these benefits. All payments for valid claims under the Settlement, including those for Pro Rata Cash Payment and Out-of-Pocket Expenses, may be reduced pro rata based on the total number of valid claims.**

The benefits are as follows:

#### a.   <u>Pro Rata Cash Payment</u>

After distributing funds for the claim's payments set forth above to claimants, as well as attorneys' fees, Class Counsel's litigation expenses, and Administrative Fees, if there is any money left over, the Settlement Administrator will make a pro rata settlement payment of the remaining Settlement Fund to each Settlement Class Member who submits a valid claim for a cash payment using this Claim Form.

#### b.   <u>Out-of-Pocket Expenses</u>

You are eligible to receive reimbursement for money you paid to address or protect yourself from the Data Incident such as money spent on a credit monitoring service. You are also eligible to receive reimbursement for money you lost as a result of fraud or identity theft, if that money has not been reimbursed from another source. This includes:

- Unreimbursed losses relating to fraud or identity theft;
- Professional fees including attorneys' fees, accountants' fees, and fees for credit repair services;
- Costs associated with freezing or unfreezing credit with any credit reporting agency;
- Credit monitoring costs that were incurred on or after the Data Incident through the date of claim submission;
- Parking expenses or other transportation expenses for trips to a financial institution to address fraudulent charges or receive a replacement payment card;
- Instances of verified fraud such as fraudulent bank or credit card charges, fraudulent tax filings, fraudulent opening/closing of bank or credit accounts, unemployment filings, or other fraudulent actions taken using

your information from the Data Incident; and

- Miscellaneous expenses such as notary, fax, postage, copying, mileage, and long-distance telephone charges.
- Other expenses that are reasonably attributable to the Data Incident that were not reimbursed.

These Out-of-Pocket Expenses must be documented; you must submit copies of documents supporting your claims, such as receipts or other documentation. "Self-prepared" documents, such as handwritten receipts, will not count as documentation, but you can submit them as clarification to other, official documents.

### c. Credit Monitoring and Identity Theft Protection

You are also eligible to receive two (2) years of three-bureau credit monitoring at no cost to yourself. This credit monitoring spans all three credit bureaus and includes identity theft protection inclusive of a $1,000,000 insurance policy in the event of any instances of unreimbursed identity theft during the two-year period.

### Completing the Claim Form

This Claim Form may be submitted online at **(WEBSITE HERE)** or completed and mailed to the address below. Please type or legibly print all requested information in blue or black ink. If submitting by U.S. mail, mail your completed Claim Form, including any supporting documentation, to:

Peoples Bank Data Breach
Verita Global
P.O. Box XXXX XXXXX, XX XXXXX

## II.    CLAIMANT INFORMATION

The Settlement Administrator will use this information for all communications regarding this Claim Form and the Settlement. If this information changes prior to distribution of cash payments, you must notify the Settlement Administrator in writing at the address above.

Claimant Name: _____

First Name                                              MI      Last Name

Street Address:

_____

Street Address Second Line:

_____

City: _____  State: _____  Zip Code: _____

Class Member ID:

_____

If you received a notice of this Settlement by U.S. mail, your Class Member ID is on the envelope or postcard.
If you received a notice of this Settlement by email, your Class Member ID is in the email.

E-mail Address: _____

[optional] Daytime Phone Number: ( _____ ) _____ - _____

[optional] Evening Phone Number: ( _____ ) _____ - _____

**You may submit a claim for one or more of these benefits:**

### 1)  CASH PAYMENT

**Pro Rata Cash Payment**: Would you like to receive a cash payment under the Settlement? **(circle one)**

**Yes            No**

** The payment under this option will originally be set at $50; however, the value of the cash payment under this option will be increased or decreased pro rata based on the balance of the Settlement Fund after the payment of other benefits and attorneys' and settlement administrator fees and expenses, and the number of Settlement Class Members who submit valid claims for payment.

### 2)  REIMBURSEMENT FOR OUT-OF-POCKET EXPENSES

☐   Please check this box here if you are electing to seek reimbursement for unreimbursed **Out-of-Pocket Expenses** and such claimed losses above will total no more than $5,000.00. You must provide reasonable documentation of the claimed Out-of-Pocket Expenses. Self-attested documentation will not suffice.

**3)  CREDIT MONITORING AND IDENTITY THEFT PROTECTION**

☐  Please check this box here if you are electing to receive two (2) years of three-bureau credit monitoring and identity theft protection services. No additional documentation is required.

### **Making a Claim for Out-of-Pocket Expenses**

In order to make a claim for Out-of-Pocket Expenses, **you must** (i) fill out the information below, or fill out a separate sheet to be submitted with this Claim Form; (ii) sign the Certification at the end of this Claim Form (section III); and (iii) include reasonable documentation supporting each claimed loss along with this Claim Form. Out-of-Pocket Expenses need to be deemed fairly traceable to the Data Incident by the Settlement Administrator based on the documentation you provide and the facts of the Data Incident.

**Failure to meet the requirements of this section may result in your claim being rejected by the Settlement Administrator.**

| Out-of-Pocket Cost Type (Fill all that apply) | Approximate Date of Loss | Amount of Loss | Description of Supporting Reasonable Documentation (Identify what you are attaching and why) |
|---|---|---|---|
| ☐ Unreimbursed fraud losses or charges. | ☐☐ / ☐☐ / ☐☐ (mm/dd/yy) | $ ☐☐☐☐.☐☐ | *Examples: Account statement with unauthorized charges highlighted; Correspondence from financial institution declining to reimburse you for fraudulent charges.* Your documents: _____ _____ |
| ☐ Professional fees incurred in connection with identity theft or falsified tax returns. | ☐☐ / ☐☐ / ☐☐ (mm/dd/yy) | $ ☐☐☐☐.☐☐ | *Examples: Receipt for hiring service to assist you in addressing identity theft; Accountant bill for re-filing tax return.* Your documents: _____ _____ |
| ☐ Credit freeze. | ☐☐ / ☐☐ / ☐☐ (mm/dd/yy) | $ ☐☐☐☐.☐☐ | *Example: Receipts or account statements reflecting purchases made for credit monitoring and insurance services.* Your documents: _____ _____ |
| ☐ Credit Monitoring ordered after receipt of the Incident Notice. | ☐☐ / ☐☐ / ☐☐ (mm/dd/yy) | $ ☐☐☐☐.☐☐ | *Example: Receipts or account statements reflecting purchases made for credit monitoring and insurance services.* Your documents: _____ |
| ☐ Miscellaneous expenses such as notary, fax, postage, gas, copying, mileage, and long-distance telephone charges. | ☐☐ / ☐☐ / ☐☐ (mm/dd/yy) | $ ☐☐☐☐.☐☐ | *Examples: Example: Phone bills, gas receipts, postage receipts; detailed list of locations to which you traveled (i.e. police station, IRS office) why you traveled there (i.e. police report or letter from IRS re: falsified tax return) and number of miles you traveled to remediate or address issues related to the Data Incident.* Your documents: _____ _____ |
| ☐ Lost interest or other damages resulting from a delayed state and/or federal tax refund in connection with fraudulent tax return filing. | ☐☐ / ☐☐ / ☐☐ (mm/dd/yy) | $ ☐☐☐☐.☐☐ | *Examples: Letter from IRS or state about tax fraud in your name; Documents reflecting length of time you waited to receive federal and/or state tax refund and the amount of any tax refund that you did not receive due to the tax fraud.* Your documents: _____ _____ |

| | | | |
|---|---|---|---|
| ☐ Other (provide detailed description). | ☐ / ☐ / ☐ (mm/dd/yy) | $ ☐ . ☐ | *Please provide detailed description below or in a separate document submitted with this Claim Form.* Your documents: _____ _____ |
| ☐ Fraudulent bank or credit card charges. | ☐ / ☐ / ☐ (mm/dd/yy) | $ ☐ . ☐ | *Examples: Account statement with unauthorized charges highlighted; correspondence with credit card company disputing the charges.* Your documents: _____ _____ _ |
| ☐ Fraudulent tax filings. | ☐ / ☐ / ☐ (mm/dd/yy) | $ ☐ . ☐ | *Examples: Letter from IRS or state about tax fraud in your name; Accountant bill for re-filing tax return.* Your documents: _____ _____ _____ |
| ☐ Opening of bank accounts and/or credit cards in your name. | ☐ / ☐ / ☐ (mm/dd/yy) | $ ☐ . ☐ | *Examples: Notification from bank of new credit card or account; correspondence with bank about closing the account.* _____ _____ _____ |
| ☐ Government benefits taken in your name. | ☐ / ☐ / ☐ (mm/dd/yy) | $ ☐ . ☐ | *Examples: Notification of unemployment benefits being taken; correspondence with agency regarding issue.* Your documents: _____ _____ _____ |

If you **do not submit** reasonable documentation supporting a claim for Out-of-Pocket Expenses, or your claim for an Out-of-Pocket Expenses payment is rejected by the Settlement Administrator for any reason and you do not cure the defect, only your claim for a Pro Rata Cash Payment, if such claim is made, will be considered.

## III.   CERTIFICATION

By submitting this Claim Form, I certify that I am eligible to make a claim in this settlement and that the information provided in this Claim Form and any attachments are true and correct. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I understand that this claim may be subject to audit, verification, and Court review and that the Settlement Administrator may require supplementation of this Claim or additional information from me. I also understand that all claims for payments under this Settlement are subject to the availability of settlement funds and may be reduced in part or in whole, depending on the type of claim and the determinations of the Settlement Administrator.


Signature: _____          Date: _____

Print Name: _____

# EXHIBIT B

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

***In re Peoples Bank, as Successor to Limestone Bank, Data Breach Litigation***
**Case No. 2:23-cv-03043-MHW-EPD (S.D. Ohio)**

<u>**A court has authorized this notice. This is not a solicitation from a lawyer.**</u>

---

**If You Were Subject to the Peoples Bank Data Breach and Previously Were Provided Notice of the Data Incident, You Could be Eligible for a Payment from a Class Action Settlement**

---

- You may be eligible to receive a payment from a proposed $782,500 non-reversionary class action settlement (the "Settlement Fund").
- The class action lawsuit concerns a cyberattack experienced by Peoples Bank between November 21, 2022, and March 23, 2023, (the "Data Incident") involving Peoples Bank in which it was determined that an unauthorized third party may have gained access to certain Peoples Bank files containing, among other things, full names, dates of birth, addresses, Social Security numbers, and financial account numbers (collectively referred to in this Settlement as "Private Information"). Peoples Bank denies any wrongdoing and denies that it has any liability but has agreed to settle the lawsuit on a classwide basis.
- To be eligible to make a claim, you must have been provided notice of the Peoples Bank Data Incident that occurred between November 21, 2022, and March 23, 2023.
- Eligible claimants under the Settlement Agreement will be eligible to receive one, two, and/or three of the following Settlement benefits:

  - ❖ <u>**Pro-Rata Cash Payment**</u>: **A $50 cash payment from the Settlement Fund that will be increased or decreased *pro rata* depending on the amount remaining in the Settlement Fund after allocation of the Settlement Fund for reimbursement of documented Out-of-Pocket Expenses, attorneys' fees and expenses, Service Awards, and Notice and Administrative Expenses; and/or,**

  - ❖ <u>**Out-of-Pocket Expenses**</u>: **Reimbursement for the actual amount of unreimbursed Out-of-Pocket Expenses or expenses up to $5,000, with supporting documentation of the monetary losses or expenses.**

  - ❖ <u>**Credit Monitoring and Identity Theft Protection**</u>: **Two years of three-bureau credit monitoring and identity theft protection, including a $1,000,000 identity theft insurance policy.**

- For more information or to submit a claim visit **WEBSITE HERE** or call 1-###-###-#### Monday through Saturday, between 8:30 a.m. and 5:00 p.m. C.T.
- **Please read this notice carefully. Your legal rights will be affected, and you have a choice to make at this time.**

| | **Summary of Legal Rights** | **Deadline(s)** |
|---|---|---|
| **Submit a Claim Form** | The only way to receive payment. | Submitted or Postmarked on or Before _____, 2025 |
| **Exclude Yourself By Opting Out of the Class** | Receive no payment. If you are a Class Member, you must exclude yourself from this class action settlement in order to retain your right to bring any other lawsuit against Defendant for the same claims. | Submitted or Postmarked on or Before _____, 2025 |
| **Object to the Settlement and/or Attend the Fairness Hearing** | You can write the Court about why you agree or disagree with the Settlement. The Court cannot order a different Settlement. You can also ask to speak to the Court at the Final Approval Hearing on _____, 2025 about the fairness of the Settlement, with or without your own attorney. | Received on or Before _____, 2025 |
| **Do Nothing** | Receive no payment. Give up rights if you are a Class Member. | No Deadline. |

- Your rights and options as a Class Member – and the deadlines to exercise your rights – are explained in this notice.
- The Court still will have to decide whether to approve the Settlement. Payments to Class Members will be made if the Court approves the Settlement and after any possible appeals are resolved.

## What This Notice Contains

**Basic Information** ....................................................................................................... 3

**Who is in the Settlement** ............................................................................................ 3

**The Settlement Benefits—What You Get if You Qualify** ....................................... 4

**How do You Submit a Claim** ..................................................................................... 5

**What Does Defendant Get** ......................................................................................... 5

**Excluding Yourself from the Settlement** ................................................................. 5

**Objecting to the Settlement** ...................................................................................... 6

**The Lawyers Representing You** ................................................................................ 7

**Service Awards** .......................................................................................................... 7

**The Court's Fairness Hearing** .................................................................................. 8

**If You Do Nothing** ..................................................................................................... 8

**Getting More Information** ......................................................................................... 8

## BASIC INFORMATION

| 1. | Why is there a notice? |
|---|---|

The Court authorized this notice because you have a right to know about the Settlement, and all of your options, before the Court decides whether to give "final approval" to the Settlement. This notice explains the nature of the lawsuit that is the subject of the Settlement, the general terms of the Settlement, and your legal rights and options.

Judge Michael H. Watson of the United States District Court for the Southern District of Ohio case captioned as *In re Peoples Bank, as Successor to Limestone Bank, Data Breach Litigation*, Case No. 2:23-cv-03043-MHW-EPD. The individuals who brought the lawsuit, Plaintiffs Latasha Brooks, Michael Brooks, Earl Blankenship, Stephen McDonald, and Cheryl Barefoot are called the Plaintiffs. The entity being sued, Peoples Bank, is called the Defendant.

| 2. | What is this lawsuit about? |
|---|---|

The lawsuit claims that Defendant was responsible for the Data Incident and that Plaintiffs were injured as a result of the Data Incident.

Defendant denies these claims and says it did not do anything wrong. No court or other judicial entity has made any judgment or other determination that Defendant has any liability for these claims or did anything wrong.

| 3. | Why is this lawsuit a class action? |
|---|---|

In a class action, one or more people called class representatives or representative plaintiffs sue on behalf of all people who have similar claims. Together, all of these people are called a class, and the individuals are called class members. One court resolves the issues for all class members, except for those who exclude themselves from the class.

| 4. | Why is there a Settlement? |
|---|---|

The Court has not decided in favor of the Plaintiffs or Defendant. Instead, both sides agreed to the Settlement. The Settlement avoids the cost and risk of a trial and related appeals, while providing benefits to members of the Class ("Class Members"). The Class Representatives appointed to represent the Class and the attorneys for the Class ("Class Counsel," see Question 18) think the Settlement is best for all Class Members.

## WHO IS IN THE SETTLEMENT?

| 5. | How do I know if I am part of the Settlement? |
|---|---|

You are affected by the Settlement and potentially a member of the Class if you reside in the United States and your Private Information may have been compromised in connection with the Data Incident, including if you were mailed a notification by or on behalf of Peoples Bank regarding the Data Incident.

Only Class Members are eligible to receive benefits under the Settlement. Specifically excluded from the Class are (i) all Persons who timely and validly request exclusion from the Class, (ii) the Judge

assigned to evaluate the fairness of this settlement; and (iii) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge.

## 6. What if I am not sure whether I am included in the Settlement?

If you are not sure whether you are included in the Settlement, you may call 1-###-###-#### with questions. You may also write with questions to:

Peoples Bank Settlement Administrator
Verita Global
address
**WEBSITE HERE**
**THE SETTLEMENT BENEFITS – WHAT YOU GET IF YOU QUALIFY**

## 7. What does the Settlement provide?

The Settlement provides that Defendant will fund the following payments up to a total of $782,500: (a) up to $5,000 for reimbursement of your documented Out-of-Pocket Expenses reasonably traceable to the Data Incident; (b) a *pro rata* $50 cash payment, subject to adjustment as set forth below; and (c) two years of three-bureau credit monitoring and identity theft protection services.

The $50 *pro rata* payment will be dispersed after the distribution of attorneys' fees, Class Counsel's litigation expenses, Service Awards, Notice and Administrative Expenses, and other Settlement benefits to claimants. The other Settlement benefits are also subject to *pro rata* reduction as needed in the event that the total claims exceed the $782,500 cap on payments to be made by Defendant, and payments may also be increased on a *pro rata* basis until the Settlement Fund is distributed. Payment of (1) attorneys' fees, costs, and expenses (see Question 19) and (2) the costs of notifying the Class and administering the Settlement will also be paid out of the Settlement Fund.

## 8. What payments are available for reimbursement under the Settlement?

Class Members who submit a claim are eligible to receive:

a) A potential residual cash payment of the remainder funds, which is estimated to be $50 but may adjusted upward or downward *pro rata* based on how many other claims are made.

b) Reimbursement of actual, documented, unreimbursed Out-of-Pocket Expenses resulting from the Data Incident (up to $5,000 in total), such as the following incurred on or after November 21, 2022:
   - Unreimbursed losses relating to fraud or identity theft;
   - Professional fees including attorneys' fees, accountants' fees, and fees for credit repair services;
   - Costs associated with freezing or unfreezing credit with any credit reporting agency;
   - Credit monitoring costs that were incurred on or after the Data Incident through the date of claim submission;
   - Parking expenses or other transportation expenses for trips to a financial institution to address fraudulent charges or receive a replacement payment card;
   - Instances of verified fraud such as fraudulent bank or credit card charges, fraudulent tax

- 4 -

filings, fraudulent opening/closing of bank or credit accounts, unemployment filings, or other fraudulent actions taken using your information from the Data Incident;

- Miscellaneous expenses such as notary, fax, postage, copying, mileage, and long-distance telephone charges; and
- Other expenses that are reasonably attributable to the Data Incident that were not reimbursed.

## HOW DO YOU SUBMIT A CLAIM?

### 9.    How do I get a benefit?

To receive a benefit under the Settlement, you must complete and submit a claim for that benefit (a "Claim"). Every Claim must be made on a form ("Claim Form") available at **WEBSITE** or by calling 1-###-###-####. Claim Forms will also be sent to Class Members as part of the postcard notice and tear-off Claim Form that will be mailed to Class Members. Read the instructions carefully, fill out the Claim Form, provide the required documentation, and submit it according to the instructions on the Claim Form.

### 10.   How will claims be decided?

The Settlement Administrator will decide whether and to what extent any Claim made on each Claim Form is valid. The Settlement Administrator may require additional information. If you do not provide the additional information in a timely manner, then the Claim will be considered invalid and will not be paid.

### 11.   When will I get my payment?

The Court will hold a Final Approval Hearing on _____, 2025 at _____.m. EST to decide whether to approve the Settlement. If the Court approves the Settlement, there may be appeals from that decision and resolving those can take time, perhaps more than a year. It also takes time for all the Claim Forms to be processed. Please be patient.

## WHAT DOES DEFENDANT GET?

### 12.   What am I giving up as part of the Settlement?

The Defendant gets a release from all claims covered by this Settlement. Thus, if the Settlement becomes final and you do not exclude yourself from the Settlement, you will be a Class Member and you will give up your right to sue Defendant and other persons ("Released Entities") as to all claims ("Released Claims") arising out of or relating to the Data Incident. This release is described in the Settlement Agreement, which is available at **WEBSITE HERE**. If you have any questions you can talk to the law firms listed in Question 18 for free or you can talk to your own lawyer.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to be part of this Settlement, then you must take steps to exclude yourself from the Class. This is sometimes referred to as "opting out" of the Class.

### 13.   If I exclude myself, can I get a payment from this Settlement?

No. If you exclude yourself, you will not be entitled to receive any benefits from the Settlement,

but you will not be bound by any judgment in this case.

## 14.  If I do not exclude myself, can I sue Defendant for the same thing later?

No. Unless you exclude yourself, you give up any right to sue Defendant (and any other Released Parties) for the claims that this Settlement resolves. You must exclude yourself from the Class to start your own lawsuit or to be part of any different lawsuit relating to the claims in this case. If you want to exclude yourself, then do not submit a Claim Form to ask for any benefit under the Settlement.

## 15.  How do I exclude myself from the Settlement?

To exclude yourself, send a letter that says you want to be excluded or opt-out from the Settlement in *In re Peoples Bank, as Successor to Limestone Bank, Data Breach Litigation,* Case No. 2:23-cv-03043-MHW-EPD, United States District Court, Southern District of Ohio. The letter must: (a) state your full name, address, and telephone number; (b) contain your personal and original signature or the original signature of a person authorized by law to act on your behalf; and (c) state unequivocally your intent to be excluded from the Settlement. You must mail your exclusion request postmarked by _____, **2025,** to:

Peoples Bank Data Breach
Settlement Administrator
Attn: Exclusion Request
address
address

**OBJECTING TO THE SETTLEMENT**

## 16.  How do I tell the Court that I do not like the Settlement?

You can tell the Court that you do not agree with the Settlement or some part of it by objecting to the Settlement. The Court will consider your views in its decision on whether to approve the Settlement. The Court can only approve or deny the Settlement and cannot change its terms. To object, you must mail your objection to the Clerk of the Court, at the mailing addresses listed below, postmarked by **no later** than the Objection Deadline, _____, **2025**:

| Court |
|---|
| Office of the Clerk |
| Joseph P. Kinneary U.S. Courthouse |
| Room 121 |
| 85 Marconi Boulevard |
| Columbus, Ohio 43215 |

Your objection must be written and must include all of the following: (i) the objector's full name and address; (ii) the case name and docket number, *In re Peoples Bank, as Successor to Limestone Bank Litigation,* Case No. 2:23-cv-03043-MHW-EPD (S.D. Ohio); (iii) information identifying the objector as a Class Member, including proof that the objector is a member of the Class (e.g., copy of the objector's settlement notice, copy of original notice of the Data Incident, or a statement explaining

why the objector believes he or she is a Class Member); (iv) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (v) the identity of any and all counsel representing the objector in connection with the objection; (vi) a statement whether the objector and/or his or her counsel will appear at the Final Fairness Hearing; and (vii) the objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative (if any) representing him or her in connection with the objection.

| 17. | What is the difference between objecting and asking to be excluded? |
|-----|-----|

Objecting is telling the Court that you do not like the Settlement and why you do not think it should be approved. You can object only if you are a Class Member. Excluding yourself is telling the Court that you do not want to be part of the Class and do not want to receive any payment from the Settlement. If you exclude yourself, then you have no basis to object because you are no longer a member of the Class, and the case no longer affects you. If you submit both a valid objection and a valid request to be excluded, you will be deemed to have only submitted the request to be excluded.

## THE LAWYERS REPRESENTING YOU

| 18. | Do I have a lawyer in this case? |
|-----|-----|

Yes. The Court appointed Terence R. Coates of Markovits, Stock & DeMarco, LLC, 119 E. Court Street, Suite 530, Cincinnati, OH 45202 and Philip J. Krzeski, Chestnut Cambronne, 100 Washington Avenue South, Suite 1700, Minneapolis, MN 55401 as Class Counsel to represent the Class. If you want to be represented by your own lawyer, then you may hire one at your own expense.

| 19. | How will the lawyers be paid? |
|-----|-----|

Class Counsel will ask the Court for an award for attorneys' fees up to $260,833.33 plus litigation expenses. Defendant has agreed not to object to any award of attorneys' fees, costs, and expenses up to those amounts, to the extent they are approved by the Court. This payment for any attorneys' fees and expenses to Class Counsel will be made out of the Settlement Fund. Any such award would compensate Class Counsel for investigating the facts, litigating the case, and negotiating the Settlement and will be the only payment to them for their efforts in achieving this Settlement and for their risk in undertaking this representation on a wholly contingent basis.

Any award for attorneys' fees and expenses for Class Counsel must be approved by the Court. The Court may award less than the amount requested. Class Counsel's papers in support of final approval of the Settlement will be filed no later than _____, 2025, and their application for attorneys' fees, costs, and expenses will be filed no later than _____, 2025 and will be posted on the Settlement Website.

| 20. | What are the Service Awards? |
|-----|-----|

## SERVICE AWARDS TO THE CLASS REPRESENTATIVES

The Class Representatives will request Service Awards in the amount up to $2,500 each for their time and effort pursuing this matter on behalf of the Class and in achieving the $782,500 non-reversionary common fund settlement. Defendant has not agreed to any Service Awards, and like the attorneys' fees and expenses, are subject to Court approval. This payment for any attorneys' fees and expenses to Class Counsel and service awards will be made out of the Settlement Fund.

## THE COURT'S FINAL APPROVAL HEARING

**21.   When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Final Approval Hearing at _____ m. ET on _____, 2025, at the Joseph P. Kinneary U.S. Courthouse, 85 Marconi Boulevard, Columbus, Ohio 43215, or by remote or virtual means as ordered by the Court. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are timely and valid objections, then the Court will consider them and will listen to people who have asked to speak at the hearing if such a request has been properly made. The Court will also rule on the request for an award of attorneys' fees and reasonable costs and expenses. After the hearing the Court will decide whether to approve the Settlement. We do not know how long these decisions will take. The hearing may be moved to a different date or time without additional notice, so Class Counsel recommend checking **WEBSITE HERE** or calling 1-###-###-####.

**22.   Do I have to attend the hearing?**

No. Class Counsel will present the Settlement Agreement to the Court. You or your own lawyer are welcome to attend at your expense, but you are not required to do so. If you send an objection, you do not have to visit the Court to talk about it. As long as you filed your written objection on time with the Court and mailed it according to the instructions provided in Question 16, the Court will consider it.

**23.   May I speak at the hearing?**

You may ask the Court for permission to speak at the final fairness hearing. To do so, you must file an objection according to the instructions in Question 16, including all the information required. Your objection must be **_mailed_** to the Clerk of the Court postmarked no later than _____, 2025.

## IF YOU DO NOTHING

**24.   What happens if I do nothing?**

If you do nothing you will not get any money from this Settlement. If the Settlement is granted final approval and the judgment becomes final, then you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendant and the other Released Parties based on any of the Released Claims related to the Data Incident, ever again.

## GETTING MORE INFORMATION

**25.   How do I get more information?**

This notice summarizes the proposed Settlement. More details are in the Settlement Agreement itself. A copy of the Settlement Agreement is available at **WEBSITE HERE.**   You may also call the Settlement Administrator with questions or to receive a Claim Form at 1-###-###-####.

This Notice is approved by United States District Court for the Southern District of Ohio.

**DO _NOT_ CONTACT THE COURT DIRECTLY IF YOU HAVE QUESTIONS ABOUT THE SETTLEMENT**. Please contact the Settlement Administrator or Class Counsel if you have any questions about the Settlement.

# EXHIBIT C

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| IN RE PEOPLES BANK, AS SUCCESSOR TO LIMESTONE BANK, DATA BREACH LITIGATION, | Case No. 2:23-cv-03043-MHW-EPD<br><br>Judge Michael H. Watson<br>Magistrate Judge Elizabeth P. Deavers |

## [PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Before this Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement ("Motion"). The Court has reviewed the Motion and Settlement Agreement between Plaintiffs and Defendant Peoples Bank, as successor to Limestone Bank, ("Peoples Bank" or "Defendant"). After reviewing Plaintiffs' unopposed request for preliminary approval, this Court grants the Motion and preliminarily concludes that the proposed Settlement is fair, reasonable, and adequate.

IT IS HEREBY ORDERED THAT:

1.      The Settlement Agreement,[1] including the proposed notice plan and forms of notice to the Class, the appointment of Plaintiffs Latasha Brooks, Michael Brooks, Earl Blankenship, Stephen McDonald, and Cheryl Barefoot as the Class Representatives, the appointment of Class Counsel for Plaintiffs and the Class, the approval of Verita Global ("Verita Global") as the Settlement Administrator, the various forms of class relief provided under the terms of the settlement, and the proposed method of distribution of settlement benefits are fair, reasonable, and adequate, subject to further consideration at the Final Approval Hearing described below.

---

[1] All capitalized terms used in this Order shall have the same meanings as set for in the Settlement Agreement.

2.       The Court does hereby preliminarily and conditionally approve and certify, for settlement purposes, the following Class:

> All persons Defendant identified as being among those individuals impacted by the Security Incident, including all who were sent a notice of the Security Incident.[2]

3.       For purposes of settlement, based on the information provided: the Settlement Class is ascertainable; it consists of roughly 47,590 Class Members satisfying numerosity; there are common questions of law and fact including whether Defendant failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the Security Incident, satisfying commonality; the proposed Class Representatives' claims are typical in that they are members of the Class and allege that they have been damaged by the same conduct as the other members of the Class; the proposed Class Representatives and Class Counsel fully, fairly, and adequately protect the interests of the Class; questions of law and fact common to members of the Class predominate over questions affecting only individual members for settlement purposes; and a class action for settlement purposes is superior to other available methods for the fair and efficient adjudication of this Action.

4.       The Court appoints Plaintiffs Latasha Brooks, Michael Brooks, Earl Blankenship, Stephen McDonald, and Cheryl Barefoot as the Class Representatives.

5.       The Court appoints Terence R. Coates of Markovits, Stock & DeMarco, LLC, and Philip J. Krzeski of Chestnut Cambronne PA as Class Counsel for the Class.

6.       The Court appoints Verita Global, Inc. as the Settlement Administrator.

7.       A     Final     Approval     Hearing     shall     be     held     before     the     Court

---

[2] "Security Incident" shall mean the cyberattack Limestone Bank experienced between November 21, 2022 and March 23, 2023, giving rise to the Litigation. In April 2023, Limestone Bank merged with Peoples Bank.

on____[date]_____, 2025 at ___[time]_____ for the following purposes:

    a.  To determine whether the proposed Settlement is fair, reasonable, and adequate to the Class and should be approved by the Court;

    b.  To determine whether to grant Final Approval, as defined in the Settlement Agreement;

    c.  To determine whether the notice plan as conducted was appropriate;

    d.  To determine whether the claims process under the Settlement is fair, reasonable, and adequate and should be approved by the Court;

    e.  To determine whether the requested Class Counsel's combined attorneys' fees, of up to 1/3 of the Settlement Fund ($260,833.33), and litigation expenses should be approved by the Court;

    f.  To determine whether the request Service Awards of up to $2,500 to each Class Representative are fair, reasonable, and adequate.

    g.  To determine whether the settlement benefits are fair, reasonable, and adequate; and

    h.  To rule upon such other matters as the Court may deem appropriate.

8.    The Court approves, as to the form and content, the Notices (including the Short Form Notice). Furthermore, the Court approves the implementation of the Settlement Website and the proposed methods of mailing or distributing the notices substantially in the form as presented in the exhibits to the Motion for Preliminary Approval of Class Action Settlement, and finds that such notice plan meets the requirements of Federal Rules of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances, and shall constitute due and efficient notice to all persons or entities entitled to notice.

9.    The Court preliminarily approves the following Settlement Timeline for the

purposes of conducting the notice plan, settlement administration, claims processing, and other execution of the proposed Settlement:

**SETTLEMENT TIMELINE**

| **Filing of Preliminary Approval** | |
|---|---|
| Issuance of CAFA Notice | +10 days |
| | |
| **From Order Granting Preliminary Approval** | |
| Defendant to Pay Settlement Administrator the Costs of Preparing and Issuing Notice | On or before + 30 days |
| Notice Date | +30 days |
| | |
| **Notice Date** | |
| Counsel's Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Class Representative Service Awards | +46 days |
| Objection Deadline | +60 days |
| Opt-Out Deadline | +60 days |
| Class Counsel to file copies of any objections | +74 days |
| Claims Deadline | +90 days |
| | |
| **Final Approval Hearing** | _____, 2025 |
| Motion for Final Approval | -14 days |
| Settlement Administrator to Provide Counsel with Declaration | -16 days |
| | |
| **Effective Date** | |
| Defendant to fund the remainder of the Settlement Fund | +3 days |
| Payment of Attorneys' Fees and Expenses Class Representative Service Awards | +10 days |
| Settlement Website Deactivation | +180 days |

10.     In order to be a timely claim under the Settlement, a Claim Form must be either postmarked or received by the Settlement Administrator no later than 90 days after the Notice Date. Class Counsel and the Settlement Administrator will ensure that all specific dates and deadlines are added to the Notice and posted on the Settlement Website after this Court enters this Order in accordance with the timeline being keyed on the grant of this Order.

11.     Additionally, all requests to opt-out or object to the proposed Settlement must be

4

received by the Settlement Administrator no later than 60 days after the Notice Date. Any request to opt-out of the Settlement should, to the extent possible, contain words or phrases such as "opt-out," "opt out," "exclusion," or words or phrases to that effect indicating an intent not to participate in the settlement or be bound by this Agreement. Class Members who seek to Opt-Out shall receive no benefit or compensation under this Agreement.

12. Class Members may submit an objection to the proposed Settlement under Federal Rule of Civil Procedure 23(e)(5). For an Objection to be valid, it must be filed with the Court within 60 days of the Notice Date and include each and all of the following:

(i) the objector's full name and address; (ii) the case name and docket number, *In re Peoples Bank, As Successor to Limestone Bank, Data Breach Litigation*, Case No.2:23-cv-03043-MHW-EPD (S.D. Ohio); (iii) information identifying the objector as a Class Member, including proof that the objector is a member of the Class (e.g., copy of the objector's settlement notice, copy of original notice of the Security Incident, or a statement explaining why the objector believes he or she is a Class Member); (iv) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (v) the identity of any and all counsel representing the objector in connection with the objection; (vi) a statement whether the objector and/or his or her counsel will appear at the Final Approval Hearing; and (vii) the objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative (if any) representing him or her in connection with the objection. Any Objection failing to include the requirements expressed above will be deemed to be invalid. Furthermore, any Class Member objecting to the Settlement agrees to submit to any discovery related to the Objection.

13.     All Class Members shall be bound by all determinations and judgments in this Action concerning the Settlement, including, but not limited to, the release provided for in the Settlement Agreement, whether favorable or unfavorable, except those who timely and validly request exclusion from the Class. The persons and entities who timely and validly request exclusion from the Class will be excluded from the Class and shall not have rights under the Settlement Agreement, shall not be entitled to submit Claim Forms, and shall not be bound by the Settlement Agreement or any Final Approval order as to Peoples in this Litigation.

14.     Pending final determination of whether the Settlement Agreement should be approved, Plaintiffs and the Class are barred and enjoined from commencing or prosecuting any claims asserting any of the Released Claims against Peoples Bank.

15.     The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the potential Class Members and retains jurisdiction to consider all further requests or matters arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modification as may be agreed to by the Parties or as ordered by the Court, without further notice to the Class.

**IT IS SO ORDERED** this _____ day of _____, 2025.


_____
**Judge Michael H. Watson**

6

# EXHIBIT D

*In re Peoples Bank*
*Successor to Limestone Bank,*
*Data Breach Litigation*
c/o Settlement Administrator
P.O. Box XXXX
City, State Zip

FIRST-CLASS MAIL
U.S. POSTAGE PAID
CITY, STATE ZIP
PERMIT NO. XXX

<<Barcode>>

Class Member ID: <<Refnum>>

## NOTICE OF CLASS ACTION SETTLEMENT

If you received a notice of a data security incident from Limestone Bank, you are entitled to submit a claim for monetary compensation under a class action settlement.

**WEBSITE HERE**

<<FirstName>> <<LastName>>
<<BusinessName>>
<<Address>>
<<Address2>>
<<City>>, <<ST>> <<Zip>>-<<zip4>>

## WHO IS A CLASS MEMBER?

In the lawsuit *In re Peoples Bank, As Successor to Limestone Bank, Data Breach Litigation*, Case No.2:23-cv-03043-MHW-EPD (S.D. Ohio) you are a Class Member if your personal information was potentially compromised as a result of the cyber-attack that Limestone Bank experienced between November 21, 2022, and March 23, 2023 (the "Security Incident").

## WHAT ARE THE SETTLEMENT BENEFITS AND TERMS?

The Settlement establishes a $782,500 fund to compensate Class Members for their out-of-pocket losses or expenses and to provide them with a pro rata cash payment, as well as for the costs of notice and administration, and attorneys' fees and expenses as awarded by the Court. As a Class Member, you are eligible for cash payments as reimbursement for your time and money spent in response to the Security Incident (such as money spent on credit monitoring), as well as for any money you lost as a result of incidents of fraud or identity theft caused by the Security Incident. You may also submit a claim for two years of three-bureau credit monitoring and identity theft protection. You must fill out this claim form to receive these benefits. **You may submit a claim for one or more of these benefits, including that you may receive each of a lost time payment, out-of-pocket loss payment, and/or pro rata cash payment. All payments for valid claims under the Settlement, including those Out-of-Pocket Expenses, may be reduced pro rata based on the total number of valid claims.** More information about the types of Claims and how to file them is available at **WEBSITE HERE** ("Settlement Website"). The Pro Rata Cash payments under the Settlement are projected to be $50.

## WHAT ARE YOUR RIGHTS AND OPTIONS?

**Submit a Claim Form**. To qualify for a cash payment, you must timely mail a Claim Form that is attached to this notice or timely complete and submit a Claim Form online at **WEBSITE HERE**. Your Claim Form must be postmarked or submitted online no later than _____, **2025**. _____ ("____") is the Settlement Administrator.

**Opt-Out**. You may exclude yourself from the Settlement and retain your ability to sue Defendant Peoples Bank, successor to Limestone Bank, on your own by mailing a written request for exclusion to the Settlement Administrator that is postmarked no later than _____, **2025**. If you do not exclude yourself, then you will be bound by the Settlement and give up your right to sue regarding the Released Claims.

**Object**. If you do not exclude yourself, you have the right to object to the Settlement. Written objections must be signed, postmarked no later than _____, **2025**, and provide the reasons for the objection. Please visit **WEBSITE HERE** for more details.

**Do Nothing**. If you do nothing, you will not receive a Settlement payment and will lose the right to sue regarding the released claims. You will be bound by the Court's decision because this is a conditionally certified class action.

**Attend the Final Approval Hearing**. The Court will hold a **Final Approval Hearing at _____ m. ET on _____, 2025** to determine if the Settlement is fair, reasonable, and adequate. All persons who timely object to the Settlement may appear at the Final Approval Hearing.

**Who are the attorneys for the Plaintiffs and the proposed Class?** The Court appointed Terence R. Coates of Markovits, Stock & DeMarco, LLC, 119 E. Court Street, Suite 530, Cincinnati, OH 45202 and Philip J. Krzeski, Chestnut Cambronne, 100 Washington Avenue South, Suite 1700, Minneapolis, MN 55401 as Class Counsel to represent the Class.

**Do I have an obligation to pay attorneys' fees or expenses?** No. The attorneys' fees and expenses will be paid exclusively from the Settlement Fund as awarded and approved by the Court. The attorneys' fees will be in an amount up to $260,833.33 and reasonable expenses. The Attorneys' Fee and Expense Application will be posted on the Settlement Website after it is filed with the Court. Plaintiffs will also seek Class Representative Service Awards in the amount of up to $2,500 for each Class Representative, subject to Court approval.

**Who is the Judge overseeing this settlement?** Judge Michael H. Watson of the United States District Court for the Southern District of Ohio.

**Where may I locate a copy of the settlement agreement, learn more about the case, or learn more about submitting a Claim?** Please visit **WEBSITE HERE.**

\*\*\* Please note that if you wish to submit a claim for compensation for out-of-pocket expenses on the attached Claim Form, you will likely need to submit your claim online so you may attach all information necessary to support your request for payment. A longer version of the Claim Form may be accessed on the Settlement Website.

**This Notice is a summary of the proposed Settlement.**

*In re Peoples Bank, as*
*Successor to Limestone Bank,*
*Data Breach Litigation*
c/o Settlement Administrator
P.O. Box XXXX
City, State Zip

<<Refnum>>

## CLAIM FORM

**Claims must be postmarked no later than _____, 2025 You may also submit a Claim Form online no later than _____, 2025.**

NAME: _____ EMAIL: _____

ADDRESS:_____

**Monetary Compensation** (You may claim one or more settlement benefits)

**1. Pro Rata Cash Payment**: Would you like to receive a cash payment under the Settlement? (circle one)          **Yes**          **No**

If you are a Settlement Class Member, you may receive an estimated $50 cash payment, which may be increased or decreased *pro rata*.
**Select from one of the following payment options:**
*PayPal _____     *Venmo _____     *Zelle _____     *Virtual Prepaid Card _____ (requires an email address)   Check ____
*Please provide your email address or phone number associated with your PayPal, Venmo or Zelle account, or email address for the Virtual Prepaid card:
_____

2. **Verified Out-of-Pocket Losses**: I am submitting a claim for either ordinary or extraordinary monetary losses in the amount of $_____ (not more than $5,000.00) on account of out-of-pocket expenses and/losses I incurred as a result of the Data Incident. I understand that I am required to provide supporting third-party documentation and to support my claim for out-of-pocket losses, such as providing copies of any receipts, bank statements, reports, or other documentation supporting my claim. I understand this can include receipts or other documentation not "self-prepared." I understand that "self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity or support other submitted documentation. I understand the settlement administrator may contact me for additional information before processing my claim. I understand that if I lack information supporting my claim for out-of-pocket losses, I will not receive compensation for this settlement benefit. I understand any monetary compensation I may receive for Out-of-Pocket Losses under the settlement is capped at $5,000.00.

3. **Credit Monitoring and Identity Theft Protection**: Would you like to receive two years of three-bureau credit monitoring and identity theft protection services? (circle one)

**Yes**          **No**

**By signing my name below, I swear and affirm that the information included on this Claim Form is true and accurate, and that I am completing this Claim Form to the best of my personal knowledge.**

_____ **(signature)**